IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KENDALL SMITH** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. PJM 09-358 |
| **COMMUNICATIONS WORKERS OF AMERICA, et al.** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Kendall Smith has sued the Communications Workers of America, District 2, Local 2336 ("CWA"), Verizon Communications, Inc. ("Verizon"), and the National Labor Relations Board, Region 5 ("NLRB"). The Complaint alleges 1) "Collusion" against all Defendants; 2) Negligence, Gross Negligence, and Negligent Misrepresentation against CWA; and 3) Fraud and Unfair Labor Practices against Verizon. All Defendants filed Motions to Dismiss [Paper Nos. 8, 12, and 20]. Smith did not file an opposition to any of these Motions within the applicable deadline. Despite the fact that Smith subsequently asked for and received two extensions of time to file oppositions to the Motions to Dismiss [Paper Nos. 23 and 25], he has still failed to do so.

Having considered Smith's repeated failure to file an opposition to Defendants' Motions to Dismiss, which appear to be meritorious, the Court **GRANTS** the Motions to Dismiss with Prejudice.

**I.**

At all times relevant Smith was employed by Verizon Washington, D.C., Inc. ("Verizon DC") and is a member of a bargaining unit represented by CWA. In its Motion to Dismiss, the NLRB states that Smith filed an unfair labor practice charge against Verizon and CWA in 2007 alleging that the Union did not represent him in a non discriminatory matter. The NLRB conducted an investigation and in January, 2008 informed Smith that further proceedings were not warranted and that he had a right to appeal to the NLRB's General Counsel. Rather than exercising that right of appeal, Smith filed his Complaint in this matter on February 13, 2009. Although the allegations in the Complaint are far from clear they appear to relate the settlement of an arbitration proceeding in 2008. Specifically, Smith states that the parties conspired to force a settlement that was unfair to him. To that end, Smith's Complaint alleges 1) "Collusion" against all Defendants; 2) Negligence, Gross Negligence, and Negligent Misrepresentation against CWA; and 3) Fraud and Unfair Labor Practices against Verizon.

Verizon filed its Motion to Dismiss on April 20, 2009, arguing that Smith's claims should be dismissed because 1) Verizon is the wrong entity in that it is not Smith's employer (Verizon DC is), nor is it a party to the collective bargaining agreement; 2) his claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"); 3) the counts for Collusion and Fraud are barred by the applicable statute of limitations; and 4) the NLRB has exclusive primary jurisdiction over the Unfair Labor Practices count. CWA filed its Motion to Dismiss on the same day and likewise argued that Smith's claims should be dismissed either because they violate the applicable statute of limitations or because they are preempted by Section 301 of the LMRA. Finally, on April 29, 2009 the NLRB filed a Motion to Dismiss arguing that 1) Smith's claims go to prosecutorial conduct not reviewable by the Court; 2) his 2007 unfair labor practice

charge was carefully investigated and he did not choose to appeal; and 3) the NLRB is immune from suit as a federal government agency.

On May 15, 2009, after the deadline for filing an opposition to two of the three pending motions had already passed, Smith sought an extension of time to respond to the Motions, which the Court granted.  On June 22, 2009 Smith sought a second extension of time to respond, which the Court again granted.  Over eight months later, Plaintiff has still failed to file any opposition to the Motions to Dismiss and has provided no explanation for his failure to do so to the Court.

## II.

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order.  Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding that a district court may invoke Rule 41(b) *sua sponte*). Smith has clearly failed to prosecute his case.  Despite the Court's leniency in granting extensions of time, Smith has now failed three times to meet the Court's deadline to oppose three dispositive motions, each of which appeared to contain meritorious arguments.

Smith's inability to observe the Court's deadlines is unacceptable. Moreover, he provides no explanation for his repeated failure to respond.   Accordingly, the Motions to Dismiss are **GRANTED** and the Complaint as to it is **DISMISSED WITH PREJUDICE** as to all Defendants.

A separate Order will **ISSUE**.

                                         /s/
                            **PETER J. MESSITTE
                            UNITED STATES DISTRICT JUDGE**

**March 31, 2010**